IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY G. HARRIS,

    Plaintiff,

v.

WARDEN HODGE, WARDEN STORM, C/O SIMS, C/O ADAMS, J. TANNER, C/O MCCORMICK, T. BRAKE, C/O ROUSCH, C/O RUCKER, C/O MARSHOFF, C/O DOWNEN, C/O AUSBROOK, C/O JOHNSON, and C/O CARTER,

    Defendants.

Case No. 11-cv-973-JPG

## MEMORANDUM AND ORDER

Plaintiff, currently incarcerated at Lawrence Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff claims that officers at Lawrence Correctional Center give him inadequate time to consume his food at meals, amounting to cruel and unusual punishment in violation of the Eighth Amendment. Specifically, plaintiff alleges that correctional officers give inmates seven minutes from the last man who sits down to eat their meals. Because plaintiff receives a soy-free meal, he is often one of the last inmates seated, and thus only has seven minutes to eat.

Plaintiff further claims he grieved this matter with Wardens Hodge and Storm. Although he does not allege so in his complaint, plaintiff's attached grievances indicate that, in retaliation for filing grievances, Officer Downen forced plaintiff to go to the end of the food line ensuring that he would be the last person served. Thereafter, Officer Sims also retaliated against plaintiff by ordering his wing to leave the dining area five minutes after plaintiff had received his meal. Thereafter, officers McCormick, Carter, and Johnson shook down his cell in retaliation for filing these grievances.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting plaintiff's allegations as true, the Court finds that plaintiff has articulated a colorable federal cause of action:

**Count 1:** A claim against defendants McCormick, Carter, Johnson, and Downen for retaliation against plaintiff for the exercise of his constitutionally protected right to file grievances.

**Count 2:** A claim against defendants Hodge, Storm, Downen, and Sims for failing to allow plaintiff adequate time to eat his meals, amounting to cruel and unusual punishment in violation of the Eighth Amendment.

Defendants Hodge and Storm are dismissed from Count 2 with prejudice for the following reason. The doctrine of *respondeat superior* is not applicable to § 1983 actions, and there is no allegation that defendants Hodge and Storm were personally responsible for the alleged wrong. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

Defendants Adams, J. Tanner, T. Brake, Rousch, Rucker, Marshoff, and Ausbrook are dismissed because Plaintiff makes no allegations against them plausibly suggesting a right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**Disposition**

The following defendants are **DISMISSED** from this action **with prejudice**: Hodge, Storm, Adams, J. Tanner, T. Brake, Rousch, Rucker, Marshoff, and Ausbrook.

The following defendants remain in the instant action: McCormick, Carter, Johnson, Downen, and Sims.

The Clerk of Court shall prepare for defendants McCormick, Carter, Johnson, Downen, and Sims (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to

effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** August 27, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**