IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY G. HARRIS,

       Plaintiff,

    v.                                                           Case No. 11-cv-973-JPG

WARDEN HODGE, WARDEN STORM, C/O
SIMS, C/O ADAMS, J. TANNER, C/O
MCCORMICK, T. BRAKE, C/O ROUSCH,
C/O RUCKER, C/O MARSHOFF, C/O
DOWNEN, C/O AUSBROOK, C/O
JOHNSON, and C/O CARTER,

       Defendants.

## MEMORANDUM AND ORDER

Plaintiff, currently incarcerated at Lawrence Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff claims that officers at Lawrence Correctional Center give him inadequate time to consume his food at meals, amounting to cruel and unusual punishment in violation of the Eighth Amendment.  Specifically, plaintiff alleges that correctional officers give inmates seven minutes from the last man who sits down to eat their meals.  Because plaintiff receives a soy-free meal, he is often one of the last inmates seated, and thus only has seven minutes to eat.

Plaintiff further claims he grieved this matter with Wardens Hodge and Storm.  Although he does not allege so in his complaint, plaintiff's attached grievances indicate that, in retaliation for filing grievances, Officer Downen forced plaintiff to go to the end of the food line ensuring that he would be the last person served.  Thereafter, Officer Sims also retaliated against plaintiff by ordering his wing to leave the dining area five minutes after plaintiff had received his meal.

1

Thereafter, officers McCormick, Carter, and Johnson shook down his cell in retaliation for filing these grievances.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting plaintiff's allegations as true, the Court finds that plaintiff has articulated a colorable federal cause of action:

**Count 1:**  A claim against defendants McCormick, Carter, Johnson, and Downen for retaliation against plaintiff for the exercise of his constitutionally protected right to file grievances.

**Count 2:**  A claim against defendants Hodge, Storm, Downen, and Sims for failing to allow plaintiff adequate time to eat his meals, amounting to cruel and unusual punishment in violation of the Eighth Amendment.

Defendants Hodge and Storm are dismissed from Count 2 with prejudice for the following reason. The doctrine of *respondeat superior* is not applicable to § 1983 actions, and there is no allegation that defendants Hodge and Storm were personally responsible for the alleged wrong. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

Defendants Adams, J. Tanner, T. Brake, Rousch, Rucker, Marshoff, and Ausbrook are dismissed because Plaintiff makes no allegations against them plausibly suggesting a right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**<u>Disposition</u>**

The following defendants are **DISMISSED** from this action **with prejudice**: Hodge, Storm, Adams, J. Tanner, T. Brake, Rousch, Rucker, Marshoff, and Ausbrook.

The following defendants remain in the instant action: McCormick, Carter, Johnson, Downen, and Sims.

As to service of process on defendants McCormick, Carter, Johnson, Downen, and Sims, the Court recognizes that because plaintiff is incarcerated he may have difficulty effectuating

service within the 120 day time limit imposed by Federal Rule of Civil Procedure 4(m).  Plaintiff

has not sought or been granted leave to proceed *in forma pauperis* in this action, therefore, the

Court will not automatically appoint the United States Marshal to effect service of process upon

defendants.  However, if plaintiff desires to request the appointment of the United States Marshal

to serve process on the defendants, plaintiff shall file a motion for service of process at

government expense, within 35 days of the date of entry of this order (on or before October 2,

2012).  The Clerk of Court is **DIRECTED** to mail to plaintiff the Court's Pro Se Litigant Guide,

containing forms and instructions for filing said motion.

If plaintiff does not timely file a motion for service of process at government expense, it

shall be plaintiff's responsibility to have defendants McCormick, Carter, Johnson, Downen, and

Sims served with a summons and copy of the complaint pursuant to Federal Rule of Civil

Procedure 4.  Plaintiff is advised that only a non-party may serve a summons.  FED. R. CIV. P.

4(c)(2).

If plaintiff requests the appointment of the United States Marshal, the Clerk of Court

shall prepare a summons and copies of the complaint and this Memorandum and Order for each

defendant, and shall forward the same to the United States Marshal for service.  If plaintiff does

not file a motion for service of process at government expense within 35 days as ordered, the

Clerk shall then prepare a summons for each defendant, and shall forward the summonses and

sufficient copies of the complaint and this Memorandum and Order to plaintiff so that he may

have defendants served.

Plaintiff is **ORDERED** to serve upon defendants or, if an appearance has been entered by

counsel, upon that attorney, a copy of every pleading or other document submitted for

consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate

stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by plaintiff, if the United States Marshal is appointed to serve process pursuant to a motion by plaintiff, the employer shall furnish the United States Marshal with the defendant's current work address, or, if not known, the defendant's last-known address.   This information shall be used only for effecting service of process.   Any documentation of the address shall be retained only by the Marshal.  Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay

in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED:** August 28, 2012

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**