IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY G. HARRIS,

    Plaintiff,

vs.

WARDEN HODGE, *et al.*,

    Defendants.

Case No. 11-cv-973-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motions (Doc. 12 & 13) in which plaintiff asks this Court to reconsider its order (Doc. 8) dismissing certain defendants from this case.

Courts do not favor motions to reconsider. However, courts have recognized that occasionally they misunderstand the parties and make errors of fact or of law. Parties should be allowed to bring such errors to the court's attention to give the court the opportunity to correct them. Thus, a motion for reconsideration is appropriate to correct manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Here, the Court misunderstood facts stated in plaintiff's petition.

In its order referring this case to the magistrate judge, this Court dismissed defendants Hodge and Storm because it interpreted plaintiff's complaint as alleging liability on a *respondeat superior* theory. Under § 1983, defendants cannot be held liable under a *respondeat superior* theory. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 requires an official to be personally responsible for depriving a plaintiff of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In order for an official to be personally responsible, the official "must know about the conduct, facilitate it, approve it, condone it, or turn a blind eye." *Id*. In his motion for reconsideration, plaintiff points out to the Court that he attached a letter to Warden Hodge informing him of his alleged constitutional deprivation and asking that he remedy said violation.

Further, he references a similar letter written to Warden Storm.  Because plaintiff does allege that Warden Hodge and Warden Storm knew of this alleged constitutional violation and condoned the policy causing the constitutional violation, he has sufficiently stated a claim plausibly suggesting a right to relief.  Accordingly, after reconsidering its previous order, the Court finds that it erred in dismissing Wardens Hodge and Storm from Count 2 of plaintiff's complaint.

Next, plaintiff asks this Court to reconsider the portion of its order dismissing defendants Adams, J. Tanner, T. Brake, Rousch, Rucker, Marshoff, and Ausbrook.  The Court found that plaintiff failed to allege a claim against these defendants in his complaint.  Plaintiff, however, argues that his Exhibit C clearly delineates the direct involvement of these officers in the violation of a constitutional right.  After a review of the file, the Court never received "Exhibit C" to plaintiff's complaint.  The Court hereby gives plaintiff 30 days from the date of this order to amend his complaint to include allegations against the above-mentioned defendants sufficient to suggest a right to relief.

As to service of process on defendants Warden Hodge and Warden Storm, the Court recognizes that because plaintiff is incarcerated he may have difficulty effectuating service within the 120 day time limit imposed by Federal Rule of Civil Procedure 4(m).  Because the Court has already granted Plaintiff's motion for service of process at government expense, the Clerk is **DIRECTED** to (1) issue summons to defendants Warden Hodge and Warden Storm; (2) prepare, on plaintiff's behalf, a form USM-285 for each defendant; and (3) deliver service packets for each defendant, consisting of the completed summons, a USM-285 form, a copy of the complaint, a copy of this Memorandum and Order, and a copy of the Memorandum and Order at Doc. No. 8 to the United States Marshal Service.  The United States Marshall SHALL, pursuant to Federal Rule of Civil Procedure 4, personally serve upon defendants Warden Hodge and Warden Storm the summons, a copy of the complaint, a copy of the Memorandum and Order and a copy of the Memorandum and

Order at Doc. No. 8.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshal Service.

Plaintiff is **ORDERED** to serve upon defendants or, if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the United States Marshal with the defendant's current work address, or, if not known, the defendant's last-known address.  This information shall be used only for effecting service of process.  Any documentation of the address shall be retained only by the Marshal.  Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

Accordingly, the Court **GRANTS** plaintiff's motions (Docs. 12 & 13).  Defendants Warden Hodge and Warden Storm shall be **REINSTATED** as defendants in this action and plaintiff shall

have 30 days from the date of this order to amend his complaint alleging a cause of action against defendants Adams, J. Tanner, T. Brake, Rousch, Rucker, Marshoff, and Ausbrook.

**IT IS SO ORDERED.**

**DATED:** December 6, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
