IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LARRY G. HARRIS, N57672,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-973-JPG-PMF |
| | ) | |
| **MARC HODGE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Presently before the Court is plaintiff Larry Harris's second amended complaint (Doc. 92). Harris is an inmate with the Illinois Department of Corrections ("IDOC") and the defendants are IDOC employees. Lawsuits (including amended complaints) filed by prisoners seeking redress against governmental entities and their employees are subject to screening under 28 U.S.C. § 1915A. Pursuant to Judge Gilbert's July 29, 2015 order (Doc. 147), Harris's second amended complaint (Doc. 92) will now be screened.

Plaintiff initially filed suit on October 31, 2011. (Doc. 1). The complaint was screened by Judge Gilbert on August 28, 2012. (Doc. 8). In Judge Gilbert's referral order he held that Harris stated the following colorable claims:

> **Count 1:** A claim against defendants McCormick, Carter, Johnson [for the cell shakedown] and Downen [for placing plaintiff in back of meal line] for retaliation against plaintiff for the exercise of his constitutionally protected right to file grievances.
> **Count 2:** A claim against defendants Downen, and Sims for failing to allow plaintiff adequate time to eat his meals, amounting to cruel and unusual punishment in violation of the Eighth Amendment.

Harris filed a motion to reconsider (Doc. 12) in regards to Judge Gilbert's referral order and on December 6, 2012, Judge Gilbert issued an order (Doc. 22) modifying his prior 1915A screening. Judge Gilbert held that Harris's claims are as follows:

> **Count 1:** A claim against defendants McCormick, Carter, Johnson [for the cell shakedown] and Downen [for placing plaintiff in back of meal line] for retaliation against plaintiff for the exercise of his constitutionally protected right to file grievances.
> **Count 2:** A claim against defendants Downen, Sims, Hodge and Storm for failing to allow plaintiff adequate time to eat his meals, amounting to cruel and unusual punishment in violation of the Eighth Amendment.

The only difference from the prior screening order is that Warden Hodge and Warden Storm were allowed to be added at Count 2.

On March 26, 2013 Harris was granted leave to file his first amended complaint. (Docs. 46 and 47). The amended complaint added Correctional Officers Adams, J. Tanner, McCormick, T. Brake, Rousch, Rucker, Marshoff, Ausbrook, and Carter to Count 2. The first amended complaint therefore stated the following claims:

> **Count 1:** A claim against defendants McCormick, Carter and Johnson [for the cell shakedown] for retaliation against plaintiff for the exercise of his constitutionally protected right to file grievances.
> **Count 2:** A claim against defendants Downen, Sims, Hodge, Storm, Adams, J. Tanner, McCormick, T. Brake, Rousch, Rucker, Marshoff, Ausbrook and Carter for failing to allow plaintiff adequate time to eat his meals, amounting to cruel and unusual punishment in violation of the Eighth Amendment.

Downen, however, was inexplicably missing from the retaliation claim at Count 1.

Harris was granted leave to file his second amended complaint on August 21, 2013 and it shall now be screened by the Court pursuant to 28 U.S.C. § 1915A. No new defendants are added in his second amended complaint, but Harris does add two new claims to the existing retaliation and Eighth Amendment claims. The two new claims consist of separate First Amendment retaliation claims against Hodge and Storm; first, that Hodge and Storm failed to correct the correctional officers who denied him adequate meal time, and second, that Hodge and

Storm transferred him from Lawrence to Menard. Harris asserts that Hodge and Storm committed these acts in retaliation because he filed his other lawsuits. Upon review, Harris states the following colorable claims:

> **Count 1:** A claim against defendants McCormick, Carter and Johnson (arising out of the cell shakedown) for retaliation against plaintiff for the exercise of his constitutionally protected right to file grievances.
> **Count 2:** A claim against defendants Downen, Sims, Hodge, Storm, Adams, J. Tanner, McCormick, T. Brake, Rousch, Rucker, Marshoff, Ausbrook and Carter for failing to allow plaintiff adequate time to eat his meals, amounting to cruel and unusual punishment in violation of the Eighth Amendment.
> **Count 3:** A First Amendment retaliation claim against Hodge and Storm for turning a blind eye / refusing to correct the conduct of various correctional officers denying Harris adequate time to eat his meals, in retaliation for Harris filing other lawsuits.
> **Count 4:** A First Amendment retaliation claim against Hodge and Storm for transferring Harris from Lawrence Correctional Center (a medium security prison) to Menard Correctional Center (a maximum security prison) in retaliation for Harris filing other lawsuits.[1]

If this Report and Recommendation is adopted, Harris will proceed on these four claims.

## RECOMMENDATION

Pursuant to 28 U.S.C. § 1915A, it is RECOMMENDED that Harris be allowed to proceed on the aforementioned four claims. No new defendants have been added.

SO RECOMMENDED.

DATED:   January 13, 2016.

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Harris's second amended complaint changes the numbering of his individual counts. For the sake of consistency, the counts that were added in the second amended complaint have been numbered in this Report and Recommendation as Count 3 and Count 4 (which are labeled in the second amended complaint as Counts 1 and 4, respectively).