IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY G. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-00973-JPG-PMF |
| | ) | |
| WARDEN HODGE, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 152) of Magistrate Judge Philip M. Frazier with regard to Plaintiff's Second Amended Complaint (Doc. 92). Defendants filed a timely objection to the R & R.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court has received an objection from the defendants and will review *de novo* those portions of the report.

Under § 1915A, the Court is required to conduct a prompt threshold review of a complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. The review of Plaintiff's initial complaint (Doc. 8) indicated that the Plaintiff had articulated a colorable federal cause of action and he was permitted to proceed on the following claims:

>**Count 1**:   A claim against defendants McCormick, Carter, Johnson, [for the cell shakedown] and Downen [for placing plaintiff in back of the meal line] for retaliation against the plaintiff for the exercise of his constitutionally protected right to file grievances.
>
>**Count 2**:   A claim against defendants Hodge, Storm, Downen, and Sims for failing to allow the plaintiff adequate time to eat his meals, amounting to cruel and unusual punishment in violation of the 8th Amendment.

However, the review dismissed with prejudice defendants Hodge, Storm, Adams, Tanner, Brake, Rousch, Rucker, Marshoff, and Ausbrook.  Defendants Hodge and Storm were later reinstated in this action (Doc. 22) and the First Amended Complaint (Doc.47) re-added defendants Adams, Tanner, McCormick, Brake, Rousch, Rucker, Marshoff, Ausbrook, and Carter to Count 2.  Plaintiff was again granted leave to amend and filed a Second Amended Complaint (Doc. 92).

The R & R states that the Plaintiff's Second Amended Complaint did not add any additional defendants, but alleges two additional claims as follows:

>**Count 3**:   A claim against defendants Hodge and Storm for retaliation by turning a blind eye/refusing to correct the conduct of various correctional officers who were denying Plaintiff adequate time to eat his meals in retaliation for Plaintiff's previous lawsuits in violation of the 1st Amendment.
>
>**Count 4**:   A claim against defendants Hodge and Storm for retaliation in that they transferred Plaintiff from Lawrence Correctional Center (a medium security prison) to Menard Correctional Center (a maximum security prison) in retaliation for Plaintiff's previous lawsuits in violation of the 1st Amendment.

Defendants object to that portion of the R & R pertaining to Count 3.  Defendants argue that the Plaintiff has not plead sufficient factual content to allow the Court to draw a reasonable

inference that the defendants are liable for the misconduct alleged in that the allegations fail to identify what "retaliatory acts" Plaintiff suffered with regard to defendants Hodge and Storm.

Pleading a First Amendment cause of action is not difficult under federal notice pleading standards. For example, in order to state a First Amendment claim for retaliation, a plaintiff need only allege that he engaged in activity protected by the First Amendment and that the defendant's actions were motivated by that protected activity. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). If a plaintiff makes such allegations, his complaint will withstand dismissal for failure to state a claim unless he pleads too much, that is, facts showing that he cannot prevail in his lawsuit. *See, e.g., Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir. 1996).

In the Second Amended Complaint, Plaintiff has alleged that he engaged in a proactive activity – filing grievances – and that the defendants' actions were motivated by his prior activity. Although minimally plead, there are sufficient allegations for Count 3 to survive at this stage of the litigation.

Therefore, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 152) in its entirety and the Plaintiff is allowed to proceed on the four counts outlined above. The parties are **DIRECTED** to refer to these counts in all future filings. Defendants are **GRANTED** to 30 days from the date of this order to file an answer. Magistrate Judge Frazier is **DIRECTED** to enter a new scheduling order in this matter.

**IT IS SO ORDERED.**

DATED:  2/8/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
